UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------

In re: Anna Theresa Balash,                                Chapter 13
                              *Debtor*.                                Case No. 24-10968

_____

APPEARANCES:

Anna Theresa Balash
*Pro se Debtor*
613 State Street
Hudson, New York 12534

Bonnie Baker, Esq.
*Office of the Chapter 13 Trustee*
7 Southwoods Boulevard
Albany, New York 12211

Lisa Penpraze, Esq.
*Office of the United States Trustee*
Leo W. O'Brien Federal Building
11A Clinton Avenue, Room 620
Albany, New York 12207

Hon. Robert E. Littlefield, Jr., United States Bankruptcy Judge

**MEMORANDUM DECISION & ORDER**

      Currently before the Court is the Chapter 13 Trustee's (the "Trustee") Motion to Dismiss (the "MTD") this case. Anna Theresa Balash (the "Debtor") has opposed. The Court has jurisdiction via 28 U.S.C. §§ 157(a), (b)(1), (b)(2)(A) and 1334(b).[1]

---

[1] Unless otherwise indicated, all chapter and section references are to the United States Bankruptcy Code, 11 U.S.C. §§ 101–1532 (2025) (the "Bankruptcy Code").

-1-

## FACTS

The Debtor commenced this proceeding by filing a "bare bones" petition on August 27, 2024. (ECF No. 1). On the same day, the Bankruptcy Court Clerk's Office issued a Notice of Deadlines which was sent to the Debtor. (ECF No. 3). The notice provided the Debtor with the following deadlines:

> Chapter 13 Plan due by 9/10/2024. Payment Advice Statements Due: 9/10/2024. Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period Form 122C−1 Due: 9/10/2024 Means Test Calculation Form 122C−2 Due: 9/10/2024. Schedules A−J due: 9/10/2024. Statement of Financial Affairs due: 9/10/2024. Summary of Assets and Liabilities and Certain Statistical Information due: 9/10/2024.

*Id.* This notice specifically states, "[p]lease note: This case may be dismissed . . . if the above referenced documents are not filed with the Court." *Id.* The Debtor's original Meeting of Creditors was set for September 24, 2024. (ECF No. 4).

On September 9, 2024, the Debtor moved to extend time to file her schedules. (ECF No. 11). On September 18, 2024, the Court extended the Debtor's time to file the required documents to October 11, 2024. (ECF No. 16). On September 27, 2024, the Court further extended the Debtor's time to file the documents to October 25, 2024. (ECF No. 21).

On November 5, 2024, the Trustee filed the MTD which was returnable on December 5, 2024. (ECF No. 59). The MTD indicates the Debtor did appear at the original § 341 meeting. However, since no schedules or plan had been filed, the examination could not be conducted. Thereafter, the Debtor appeared at the adjourned §341 meeting. However, the Trustee indicated she still had not been provided proof of identity or proof of the Debtor's social security number and therefore the § 341 meeting could not be conducted. (ECF No. 59 at ¶¶ 11 – 13). The Trustee also notes the Debtor requested the § 341 meeting be conducted via interrogatories. However, the Trustee could not consent absent proof of the Debtor's identity. *Id.*

On December 4, 2024, the Debtor requested an adjournment of the MTD. (ECF No. 97). The Court denied the request as the Debtor did not articulate sufficient cause for the adjournment and did not receive the consent of all parties. (ECF No. 98). On December 5, 2024, the Debtor appeared in person and filed numerous documents including most of her schedules.[2] (ECF No. 104). At the hearing on the MTD, the Debtor indicated she would like time to respond to the Trustee as she had just filed some of the required documents. The Debtor was granted an extension through December 16, 2024. (ECF Nos. 106–07).

On December 12, 2024, the Debtor submitted an "Answer to the Trustee's Motion to Dismiss" (the "Objection"). (ECF No. 109). The Objection states in part:

> anna is the single and sole executrix of the ANNA THERESA BALASH and YIANNAKIS C IOANNIDES estate . . . .
>
> anna holds tax documents showing the initial grant of credit for all claims attached to cause number 24-10968 originated from either the ANNA THERESA BALASH or YIANNAKIS C IOANNIDES estates, claims without interest in either estate or to the credit which said estates granted, **including those presented and filed requests from the automatic stay in various forms,** and are revoked on their face as fraudulent and no harm will be cause to the living woman or any of her entitlements due to false claims.

(ECF No. 109) (emphasis in original).[3]

On December 16, 2024, the Debtor filed schedules,[4] a statement of current monthly income, a statement of financial affairs as well as a proposed Chapter 13 plan. (ECF Nos. 111-119). The Debtor's original proposed plan provides that she will:

> Work with my fiduciary to get assets for my deceased husband and myself correctly registered in in the Court Records so that a correct accounting can be done, and so that none of my assets are stolen from me or my deceased husband's estate
> . . . .

---

[2] The schedules filed by the Debtor on December 5, 2024, are: Individual Schedule AB, Schedule C, Schedule G, Schedule H, Schedule I and Schedule J. (ECF No. 104).

[3] All quotes from the Debtor are taken verbatim from her pleadings.

[4] The Debtor filed missing Schedules D and E/F. (ECF No. 115).

> Continue to do what needs to be done to initiate and complete needed personal tax filings absent due to illness and death of my spouse, and the resultant trauma of that and the legal difficulties. . . .

(ECF No. 111). Notably, the original plan does not provide a term or periodic payment amount.

On December 18, 2024, the Debtor filed an amended plan that indicated she would pay $250.00 per month for 60 months, for a total of $15,000.00, to be funded into the plan. (ECF No. 120). The Debtor notes a $15,000.00 "priority" debt owed to the Internal Revenue Service. The amended plan does not include any provisions for the payment of other debts. *Id*. Also on December 18, 2024, the Debtor filed an Amended Reply to the MTD. (ECF No. 121).

## ARGUMENTS

The Trustee's argument is simple: the Debtor has failed to file the documents necessary for the Chapter 13 proceeding to continue, including her mandatory tax return. Next, the Trustee contends not only were the plan and other documents belatedly filed but no payments have been tendered to the Trustee. (ECF No. 149).

On December 16, 2024, attempting to respond to and moot the allegations in the MTD, the Debtor filed schedules, a proposed plan and other required filing documents in opposition to the MTD. (ECF No. 111 - 116). On December 18, the Debtor filed an amended reply to the MTD stating she has "made a good faith effort . . . to cure any and all deficits and concerns brought forth by the Trustee. . . ." (ECF No. 121).

## DISCUSSION

It is undisputed that "a [b]ankruptcy [proceeding/discharge] is a privilege not a right." *In re Sicari* 187 B.R. 861, 880 (Bankr. S.D.N.Y. 1994). To obtain a bankruptcy discharge, the Debtor

-4-

is required to provide any case trustee with necessary documentation, including tax returns. Presently, the Debtor's failure to meet the mandatory filing requirements of § 521 has hampered the Trustee's ability to proceed in this case. This delay is prejudicial to creditors which, pursuant to § 1307(c), constitutes cause for dismissal of a Chapter 13 proceeding.

I. **MANDATORY DISMISSAL – TAX RETURN(S)**

   a. **11 U.S.C. § 521(e)(2)**

Section 521 of the Bankruptcy Code is titled "Debtor's Duties" and lists documents and deadlines for their filing. Regarding income taxes, 11 U.S.C. § 521(e)(2)(A) requires:

> [N]ot later than 7 days before the date first set for the first meeting of creditors, to the trustee a copy of the Federal income tax return . . . for the most recent tax year ending immediately before the commencement of the case and for which a federal income tax return was filed. . . .

11 U.S.C. § 521(e)(2)(A)(i). This subsection also provides the remedy if it is violated, stating:

> If the debtor fails to comply with clause (i) . . . subparagraph (A), the court **shall** dismiss the case unless the debtor demonstrates that the failure to so comply is due to circumstances beyond the control of the debtor.

11 U.S.C. § 521(e)(2)(B) (emphasis added).

The use of the term "shall" in this section is clear: if the required tax return is not provided, this Court has little choice but to dismiss this case. "[F]ailure to comply with 11 U.S.C. § 521(e)(2)(A)(i) shall result in dismissal of a debtor's case, unless [s]he is able to demonstrate that h[er] failure to comply was the result of circumstances beyond h[er] control."[5] *Rivera v. JP Morgan Chase*, 2021 U.S. Dist. LEXIS 95081, *11-12. The Debtor's original plan indicates she

---

[5] *See also Bristol v. DeRosa (In re Bristol)*, Case No. 09-CV-3730, 2010 U.S. Dist. LEXIS 104777, at *4 (E.D.N.Y. Sept. 30, 2010) (affirming dismissal where Chapter 13 debtor failed to file tax returns and other required documents); *Pal Family Trust v. Ticor Title Ins.*, 490 B.R. 480, 486 (S.D.N.Y. 2013) (affirming dismissal of Chapter 7 bankruptcy proceeding where debtor failed to comply with obligations to file schedules and provide Trustee with tax returns).

has not filed the required tax return[6] and she has not successfully argued this failure was beyond her control.

### b. 11 U.S.C. § 1308 & 11 U.S.C. § 1307(e)

11 U.S.C. § 1308 is titled "Filing of Prepetition Tax Returns" and states:

> Not later than the day before the date on which the meeting of the creditors is first scheduled to be held under section 341(a) . . . if the debtor was required to file a tax return . . . the debtor shall file with appropriate tax authorities all tax returns for all taxable periods ending during the 4-year period ending on the date of the filing of the petition.

11 U.S.C. § 1308(a). To comply with § 1308, prior to the § 341 creditors meeting, the Debtor must file all required tax returns and provide a copy to the Chapter 13 Trustee. The remedy if a debtor fails to comply with § 1308 is found in 11 U.S.C. § 1307(e) which states:

> Upon the failure of the debtor to file a tax return under section 1308 . . .on request of a party in interest or the United States trustee and after notice and a hearing, the court **shall** dismiss a case or convert a case under this chapter to a case under chapter 7 of this title . . . whichever is in the best interest of the creditors[7] and the estate.

11 U.S.C. § 1307(e) (emphasis added).

An analysis of many of the present issues was conducted in the case *In re Burgos*, 476 B.R. 107 (Bankr. S.D.N.Y. 2012). After reviewing the facts, the *Burgos* court dismissed the proceeding, finding:

### § 521(i)—timely filing of documents required by § 521(a)

Section 521(a) (i) provides that if a chapter 13 debtor fails to file all of the information required under subsection (a)(1) within 45 days after the date of filing

---

[6] The Court presumes the Debtor has not provided her tax returns because her opposition states she will "[c]ontinue to do what needs to be done to initiate and complete needed personal tax filings absent due to illness and death of my spouse, and the resultant trauma of that and the legal difficulties. . . ." (ECF No. 111). The Debtor's health issues do not excuse the requirement for the filing and production of the tax return. *See infra* n.9.

[7] There is only one unsecured creditor in this case. The Debtor is not legally responsible for certain debts that are secured against real property. These facts support dismissal rather than a conversion.

of the petition, the case shall be automatically dismissed effective on the 46th day after the date of the filing of the petition.

### § 521(e)(2)(A)(i)—providing federal income tax returns to the trustee

The tax returns are still outstanding. Pursuant to § 521(e)(2)(A)(i) this is grounds for dismissal, and is not discretionary upon the Court. The Debtor has not made any indication that he would meet any exception[8] to dismissal provided for in § 521(e)(2)(B).[9] Therefore, dismissal is proper under § 521(e)(2)(A)(i).

*In re Burgos,* 476 B.R. at 112–13.

## II.    DISCRETIONARY DISMISSAL – 11 U.S.C. § 1307(c)

While § 521, § 1308 and § 1307(e) provide for mandatory dismissal, § 1307(c) affords this Court with discretion regarding dismissal of a case. However, even with this discretion, the current result would not change. As stated by the Trustee, the Debtor failed to comply with § 521 until

---

[8] The Debtor does indicate she has been suffering from medical difficulties since her husband passed away. However, the Debtor does not indicate how her medical condition stopped her from providing the tax returns to the Trustee pursuant to either § 521 or §1308.

> [The debtor] cites medical problems he suffered throughout the 2004-2006 time period -- specifically, "significant near death medical problems deliberately generated by the Opposition" -- but fails to sufficiently link those problems to his failure to submit copies of his most recently-filed tax returns prior to the statutory deadline. . . .
>
> [The debtor] raises several other arguments that are irrelevant to the specific issue raised by the instant appeal. In sum, the Court finds that none of [the debtor's] allegations demonstrate circumstances beyond his control within the meaning of § 521(e)(2)(B).

*Casey v. Perkins (In re Casey)*, Case No. 06-3544, 2007 U.S. Dist. LEXIS 32611, at *5–6 (Dist. N.J. May 3, 2007).

[9] As stated in *In re Campora:*

> In particular, failure to comply with 11 U.S.C. § 521(e)(2)(A)(i) shall result in dismissal of a debtor's case, unless he is able to demonstrate that his failure to comply was the result of circumstances beyond his control. 11 U.S.C. § 521(e)(2)(B). Courts have noted that the language of Section 521(e)(2)(B) is mandatory, requiring dismissal in all cases except those where the debtor can make the requisite showing to excuse his failure to file.

*Campora v. HSBC Bank USA, N.A. (In re Campora)*, Case No. 14-CV-5066, 2015 U.S. Dist. LEXIS 117862, at *28, (E.D.N.Y. Sept. 3, 2015).

well after the MTD was filed. Also, the Debtor has not made a payment to the Trustee and therefore, she is significantly in arrears. As the Trustee notes:

> Dismissal is appropriate pursuant to 11 U.S.C. § 1307 where Debtor has seemingly not made efforts to comply with the requirements of 11 U.S.C. §521.
>
> No payments have ever been made to the Trustee . . . .

(ECF No. 59 at ¶¶ 24, 27). The Court shares the Trustee's concerns.

From the date of the filing (August 27, 2024) until December 16, 2024, there were 115 docket entries, many filed by the Debtor. Yet she did not file the mandatory documents until after the MTD was filed. She still has not provided her tax return and has failed to make her plan payments.

> Chapter 13 provides debtors with extraordinary protections. When a debtor files for bankruptcy, Section 362 automatically stays nearly all collection proceedings against the debtor or her property. See 11 U.S.C. § 362(a). . . .
>
> But these protections can also be abused, intentionally or inadvertently. To check such abuse, the code imposes a number of duties on the would-be debtor, including numerous filing requirements and strict deadlines. See, e.g., id. § 521 ("debtor's duties"); Fed. R. Bankr. P. 3015(b).

*Miles v. Chase Bank,* Case No. 20 CV-4748, 2022 U.S. Dist. LEXIS 52736, at *11 (E.D.N.Y. Jan. 24, 2022).

The Debtor previously filed a bankruptcy proceeding in the Eastern District of New York. *See In re Yiannakis C. Ionnides and Anna T. Balash*, Case No. 18-40728 (Bankr. E.D.N.Y.). In addition, she has engaged in extensive litigation in the New York state courts and the Northern District of New York.[10] This Debtor does not seem to be intimidated by litigation as she filed all

---

[10] On July 10, 2023, the Hon. Brenda K. Sannes, Chief United States District Judge issued a 29-page decision detailing the numerous times the Debtor requested the district courts retain the reference regarding different state court cases. Chief Judge Sannes ultimately concluded the district court was not the proper venue for the Debtor to challenge the propriety of final state court decisions. *See Balash v. Bank of Bank National Assoc.*, Case No. 22-cv-01120 (N.D.N.Y. July 10, 2023).

of the district court cases *pro se*. The delay caused by these dismissed cases harmed the implicated creditors. Now, she appears to be asking this Court to allow her to enjoy the protections of a Chapter 13 proceeding while not fulfilling the corresponding requirements. This Court declines to do so. As noted, the *Burgos* court dismissed the Chapter 13 proceeding, finding:

> **§ 1307(c)(1)—unreasonable delay**
>
> Courts have found 'unreasonable delay' where a debtor failed to timely file her state tax returns, id., failed to make payments under the plan, failed to disclose ownership of assets on schedules, and . . . fail[ed] to make good faith payments to the Chapter 13 Trustee . . . .
>
> **§1307(c)(4)—timely payments to the trustee**
>
> Section 1307(c)(4) provides for . . . dismissal, of a chapter 13 case where the debtor failed "to commence making timely payments. . .. Section 1326 provides that a debtor shall commence making payments not later than 30 days after the date of the filing of the plan or the order for relief, whichever is earlier . . . .

*In re Burgos,* 476 B.R. at 111–12. The pertinent facts of this case are analogous to *Burgos* and this Court agrees that dismissal is the proper resolution of this matter.

## CONCLUSION

Since the Debtor filed this proceeding, the Trustee has been unable to ascertain the most basic information from the Debtor. Moreover, the Debtor has failed to tender any payments to the

---

On January 1, 2023, the Debtor filed a "Notice of Removal from the Supreme Court, County of Columbia under the original jurisdiction pursuant to the express provisions of 28 U.S.C. § 1335." *LoanCare, LLC v. Balash*, Case No. 23-cv-00025 (Jan. 9, 2023) at Doc. 1. On January 9, 2023, the District Court remanded the proceeding back to the Columbia County State Supreme Court. (Doc. 5) The District Court noted that because the Debtor was not a defendant but a putative interpleader in the state court and as such, she did not have standing to seek removal of the case. *Id.*

On January 17, 2023, the Debtor appealed the remand and sought "to compel the district court correct the record in this appeal from the district court's *sua sponte* remand to state court four days after Appellant removed the action to federal court." Doc. No. 13. On October 13, 2023, the Second Circuit Court of Appeals denied the Debtor's request. *Id.*

Trustee. Thus, for all the reasons noted here, on the record and in the pleadings, the MTD is granted. This case is dismissed without prejudice.

Dated: February 5, 2025
Albany, NY

                                                      /s/ Robert E. Littlefield, Jr.
                                                      Hon. Robert E. Littlefield, Jr.
                                                      United States Bankruptcy Judge